DAVID MATUSKO *vs.* KENNETH GOURLAY & another.[1] No. 89-P-842. October 15, 1990. *Consumer Protection Act*, Attorney's fees. *Practice, Civil*, Agreement for judgment.

In this summary process action brought by the plaintiff-landlord the defendant-tenants filed counterclaims alleging, inter alia, violations of the State Sanitary Code and of G. L. c. 93A, § 9. In the District Court, judgment entered for the plaintiff for possession and for $1,200 in back rent. The defendants appealed to the Superior Court, depositing a check of $1,200 instead of an appeal bond.

The case was settled prior to trial in the Superior Court. Among other things, the agreement provided for payments to the plaintiff, reduced rent for a certain period, and voluntary repairs to be undertaken by the plaintiff.[2] The agreement also contained the following provision:

"The above agreement does not prejudice defendants' right to pursue attorney's fees. If agreement is not reached between the parties on this matter, it will be submitted to the Court on motion, with argument requested."

The defendants filed a motion for attorney's fees which was denied without opinion; this appeal ensued. At oral argument in this court the defendants stated that their argument for attorney's fees rested solely on c. 93A. See Mass R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

The operative provision of c. 93A is § 9(4), as inserted by St. 1969, c. 690, which provides:

"If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in connection with said action; provided, however, the court shall deny recovery of

---

[1]Candy Gourlay.

[2]The agreement extended the termination date of the lease to August 31, 1989, and also provided for an increase in rent as of September 1, 1989, if the defendants still occupied the premises and the conditions cited by the Greenfield board of health and the building inspector were repaired.

attorney's fees and costs which are incurred after the rejection of a reason-able written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section."

The statutory condition for recovery of attorney's fees is a finding by the court. "Before attorney's fees are awarded, the court must find that there has been a violation of G. L. c. 93A, § 2." *Talbot* v. *Horace Mann Ins. Co.*, 19 Mass. App. Ct. 93, 100 (1984). Such a finding is totally lacking on this record.

Although the agreement between the parties provided some relief to the defendants, it in no way was equivalent to a court finding that a violation of § 2 had occurred. Moreover, a judge should not be called upon to con-strue the contents of a settlement agreement to make such a finding. If attorney's fees are to be paid, the agreement should so provide.

*Judgment affirmed.*

*Mary Beth Seminario* for the defendants.
*Charles K. Stephenson* for the plaintiff.